UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIGUEL RAMOS,<br><br>　　　　　　　　Plaintiff,<br>　　　v.<br><br>BANK OF AMERICA N.A., a Delaware Corporation as successor in interest for COUNTRYWIDE HOME LOANS INC., and also doing business as BAC HOME LOANS SERVICING LP and RECONSTRUST COMPANY N.A.; Does 1-100, inclusive,<br><br>　　　　　　　　Defendants. | Case No.: 12-cv-01083-LHK<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED;<br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |

On March 2, 2012, Defendants Bank of America, N.A., on behalf of itself and as successor by merger to BAC Home Loans Servicing LP ("BANA"); Countrywide Home Loans, Inc. ("Countrywide"); and Recontrust Company, N.A. ("Recontrust") (collectively "Defendants") removed this action from the Superior Court of California, County of Monterey, asserting jurisdiction under 28 U.S.C. §§ 1331 and 1332 as grounds for removal. *See* ECF No. 1 ("Notice of Removal"), at 2. After this case was reassigned to the undersigned judge, on April 26, 2012, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure, which is set for hearing on September 6, 2012. ECF No. 13. Plaintiff failed to file an opposition, which was due May 10, 2012. *See* ECF No. 14.

Pursuant to 28 U.S.C. § 1446(a), a party seeking to remove an action from state court must file a notice of removal containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such party in the action. Here, Defendants appear to have attached copies of the process and pleadings from a different action, titled *Zadoorian v. Bank of America, N.A. et al.* *See* Notice of Removal, Ex. A. Consequently, the Court has no basis from which to determine whether removal of this action was jurisdictionally proper, let alone evaluate the merits of Defendants' motion to dismiss. A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case, and the party seeking removal bears the burden of establishing federal jurisdiction. *See* 28 U.S.C. § 1441(a); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Accordingly, the Court hereby ORDERS Defendants to show cause why this case should not be remanded for lack of jurisdiction. Defendants shall file a response to this Order by June 1, 2012.

The Court further ORDERS Plaintiff to show cause why this case should not be dismissed for failure to prosecute. This Order does not authorize Plaintiff to file an untimely opposition to Defendants' motion to dismiss. Plaintiff shall file a response to this Order by June 15, 2012.

The hearing on Defendants' motion to dismiss set for September 6, 2012, at 1:30 p.m. is hereby VACATED. A hearing on both Orders to Show Cause is set for Wednesday, June 20, 2012, at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: May 18, 2012

_____
LUCY H. KOH
United States District Judge

2

Case No.: 12-cv-01083-LHK
ORDER TO SHOW CAUSE