UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIGUEL RAMOS,<br><br>             Plaintiff,<br>     v.<br><br>BANK OF AMERICA N.A., a Delaware Corporation as successor in interest for COUNTRYWIDE HOME LOANS INC., and also doing business as BAC HOME LOANS SERVICING LP and RECONSTRUST COMPANY N.A.; Does 1-100, inclusive,<br><br>             Defendants. | Case No.: 12-CV-01083-LHK<br><br>ORDER REMANDING CASE |

On February 2, 2012, Plaintiff Miguel Ramos ("Plaintiff") filed a complaint in the Superior Court of the State of California for the County of Monterey against Does 1-100 and Defendants Bank of America N.A., as successor in interest to Countrywide Home Loans Inc., and also doing business as BAC Home Loans Servicing LP and Recontrust Company N.A. ("Defendants"). *See* ECF No. 17-1 ("Compl."). Plaintiff asserts five causes of action arising from Defendants' business practices with respect to refinancing the mortgage on his home: (1) fraud; (2) violation of the "predatory lending act;" (3) violation of California Business and Professions Code § 17200 (California's unfair business practices act); (4) declaratory relief; and (5) cancellation of deeds of trust procured by fraud. *See id.*

1

Case No.: 12-CV-01083-LHK
ORDER REMANDING CASE

On March 2, 2012, Defendants removed this action to federal court pursuant to 28 U.S.C. § 1441, asserting federal question jurisdiction as the sole basis for removal. *See* ECF No. 1 (Notice of Removal). After the case was reassigned to the undersigned judge on March 23, 2012, Defendants filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). *See* ECF No. 13. Plaintiff failed to file an opposition to Defendants' Motion to Dismiss by the response deadline of May 10, 2012. *See* ECF No. 14 (Defendants' notice of non-receipt of opposition). To date, Plaintiff has still not filed an opposition.

In light of Plaintiff's failure to file an opposition to Defendants' Motion to Dismiss, on May 18, 2012, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute. *See* ECF No. 16. However, as a precondition to Plaintiff's Order to Show Cause, the Court first ordered Defendants to show cause why this case should not be remanded for lack of federal subject matter jurisdiction. *See id.* A party seeking to remove an action from state court bears the burden of establishing federal jurisdiction. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Pursuant to 28 U.S.C. § 1446(a), a party seeking to remove an action from state court must file a notice of removal containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such party in the action. Here, Defendants had apparently attached to their Notice of Removal the process and pleadings from an altogether different case. *See* Notice of Removal, Ex. A. As a consequence, the Court had no basis from which to determine whether removal of this action was jurisdictionally proper. *See* 28 U.S.C. § 1441(a) (providing that a suit may be removed from state to federal court only if the federal court would have had subject matter jurisdiction over the case). The Court therefore ordered Defendants to show cause why this case should not be remanded for lack of jurisdiction.

Defendants timely responded to the OSC on June 1, 2012, explaining that they had inadvertently and erroneously attached to the Notice of Removal copies of the process and pleadings from a different state court action. *See* ECF no. 17 ("Resp.") at 2. Defendants submitted copies of the proper process, pleadings, and orders served on Defendants in the state court action, and asserted that the Court has federal question jurisdiction over Plaintiff's claims under 28 U.S.C.

2
Case No.: 12-CV-01083-LHK
ORDER REMANDING CASE

§ 1331 because resolution of Plaintiff's claims "will require adjudication of a disputed question of federal law." Resp. at 3. Defendants also appeared at the June 20, 2012 OSC hearing. Plaintiff did not file a response to the OSC or appear at the June 20, 2012 hearing.

Having reviewed Plaintiff's state court complaint and Defendants' Response to the OSC, the Court concludes that the Court lacks federal subject matter jurisdiction over this case and that removal was therefore improper. Removal is proper under 28 U.S.C. § 1441(a) only in an action in which the district courts have original jurisdiction. Federal question jurisdiction exists under 28 U.S.C. § 1331 where the resolution of Plaintiff's claims requires adjudication of a disputed question of federal law. The Court must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). As Defendants note, federal question jurisdiction exists only where the plaintiff's properly pleaded complaint presents a federal question. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question may be presented within the context of state law claims if the resolution of state law claims depends on substantial questions of federal law. *Grable & Sons Metal Prods. V. Dame Eng'g & Mfg.*, 545 U.S. 303, 312 (2005).

Defendants assert that Plaintiff's claims under Plaintiff's second cause of action depend on the federal question raised by Plaintiff's reliance on definitions of predatory lending practices established by "HUD and other governmental agencies." Resp. at 4. Defendants also note that the Office of the Comptroller, a division of the U.S. Department of the Treasury, has defined predatory lending and promulgated regulations to prevent such practices. *Id.* at 4 n.4. However, although Plaintiff refers to federal definitions in the predatory lending cause of action, Plaintiff does not appear to assert a claim that relies on the HUD description of predatory lending. Instead, it appears Plaintiff intends to assert a cause of action under California's Covered Loan Law, California Financial Code §§ 4970 *et seq*. *See* Compl. ¶ 36. The California Financial Code sections do not themselves rely on federal definitions. *See* Cal. Fin. Code §§ 4970 *et seq*. Regardless of the definition of predatory lending, it appears that Plaintiff is asserting only a state law claim.

Moreover, under *Grable*, there must be a substantial federal question within Plaintiff's well-pleaded complaint. To the extent that Plaintiff's claims refer to an interpretation of HUD or

3

Case No.: 12-CV-01083-LHK
ORDER REMANDING CASE

other federal agency definitions of predatory lending, the incorporation of these definitions is not by itself sufficient to confer federal jurisdiction. *See Valdez v. American Funding*, No. 10-2292, 2010 WL 3464298, at *2 (N.D. Cal. Aug. 31, 2010) (noting that the question of whether a federal law (TILA) creates a duty for a state law negligence claim is insufficient, by itself, to confer federal jurisdiction). "The invocation of [federal law] as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or a state statute that can and does serve the same purpose." *Montoya v. Mortgageit Inc.*, No. C 09-05889, 2010 WL 546891, at *2 (N.D. Cal. Feb. 10, 2010) (citing *Rains v. Criterion Syst.*, 80 F.3d 339, 345 (9th Cir. 1996)).

Defendants also assert that Plaintiff similarly includes federal definitions of predatory lending in its third cause of action, violation of California's unfair business practices act. Resp. at 4. That cause states, "Plaintiff is informed and believes and based thereon alleges that Defendants and each of them engaged in unfair, unlawful and fraudulent loan practices as defined in Business and Professions Code § 17200 by engaging in unfair, predatory and fraudulent mortgage loan practices." Compl. ¶ 41. California Business and Professions Code §§ 17200 *et seq.* gives rise only to a state law cause of action. Furthermore, even if mere reference to federal definitions of "predatory" loan practices were sufficient to confer federal jurisdiction – which it is not – § 17200 does not even satisfy this criterion, as it neither refers specifically to "predatory" lending nor incorporates any federal definitions of what constitutes such practices. *See* Cal. Bus. & Prof. Code §§ 17200-10. Again, to the extent Defendants' assertion of federal jurisdiction relies solely on state law references to federal definitions of the term "predatory" loan practices, Defendants have not carried their burden of establishing federal jurisdiction.

For the foregoing reasons, this case is REMANDED to the Superior Court of California, County of Monterey.[1]  The Clerk shall close the file.

**IT IS SO ORDERED.**

---

[1] The Court further notes that the Subject Property is located in Visalia, California, in Tulare County, which is in the Eastern District of California. Therefore, in addition to the jurisdictional defects described herein, it appears that venue in the Northern District of California is improper.

4
Case No.: 12-CV-01083-LHK
ORDER REMANDING CASE

Dated: July 10, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No.: 12-CV-01083-LHK
ORDER REMANDING CASE